UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBY ROBINSON CO., INC., *et al*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-08-199 |
| KALIL FRESH MARKETING, INC., *et al*, | § § § | |
| *Defendants*. | § | |

ORDER

Pending before the court are 44 separate objections to claims filed by defendants John Kalil, Brian Herr, and Samuel Petro Jr. (Dkts. 237-280). Also pending before the court are five motions to rule on the objections (Dkts. 293, 295, 296, 297, 298). The motions to rule on the objections are all GRANTED, and the court rules on the objections as follows.

A. Unopposed Claims

No objections to the following claims have been made. The court finds that they are valid, and they are therefore APPROVED:

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Pacific Sun Distributing, Inc. | 130 | n/a | $73,740.00 | $0.00 | $73,740.00 |
| Magnolia Fruit & Produce Co. | 143 | n/a | $19,771.00 | $0.00 | $19,771.00 |
| Naturebest Pre-Cut & Produce, LLC | 146 | n/a | $17,139.59 | $0.00 | $17,139.59 |
| J National Food Products, Inc. | 147 | n/a | $7,154.67 | $0.00 | $7,154.67 |
| Billingsly Produce Sales, Inc. | 153 | n/a | $55,751.03 | $0.00 | $55,751.03 |

| David L. Brune | 154 | n/a | $72,976.17 | $0.00 | $72,976.17 |
|---|---|---|---|---|---|
| Integrity Distribution Service, LLC | 175 | n/a | $11,143.99 | $0.00 | $11,143.99 |
| Naturipe Farms, LLC | 181 | na/ | $52,218.94 | $0.00 | $52,218.94 |

**B. Opposed Claims**

**1. Contractually Negotiated Attorneys' Fees**

Defendants object to several claims arguing that the claimants request attorneys' fees to which they are not entitled. Defendants argue that PACA does not create a statutory mechanism for recovery of attorneys' fees, which is true. However, PACA does allow for recovery of "sums owing in connection with" perishable commodities transactions. 7 U.S.C. § 499e(c)(2). Several claimants argue that they have a contractual right to attorneys' fees based on language providing for such fees included in the relevant invoices.

Additional terms included in an invoice become part of the contract unless the opposing party can establish that "(a) the offer expressly limits acceptance to the terms of the offer; (b) the terms materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received." U.C.C. § 2-207. Defendants have not claimed any of these exceptions. Accordingly, the claimants have established a contractual right to attorneys' fees based on the language of the invoices.

The question remains whether the contractual claim for attorneys' fees can be satisfied with PACA funds. Several Circuits have determined that it can and have affirmed awards of attorneys' fees under circumstances that are identical to those presented here. *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2nd Cir. 2007) (holding that "where the parties' contracts include

2

a right for attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under PACA"); *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004); *Middle Mountain Land & Produce v. Sound Commodities*, 307 F.3d 1220, 1222-25 (9th Cir. 2002).

Defendants also argue that even if claimants have a contractual right to attorneys' fees, the right is based on a contract with one of the corporate defendants, not any of the individual defendants. While it is true that claimants' contracts were, in most cases, with Houston's Finest, PACA trust creditors can look to an entity's principal for any shortfall if that principal had a role in causing the breach of the trust. *Bocchi Ams. Assocs. v. Commerce Fresh Mktg.*, 515 F.3d 383, 392 (5th Cir. 2008). If a principal is liable, his liability is coextensive with the liability of the corporate entity to which he is the principal. *See Coosemans*, 485 F.3d at 709.

Defendants cite the Fifth Circuit opinion in *Golman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 352-53 (5th Cir. 2000), in opposing the claims for attorneys' fees. The holding in *Golman-Hayden* is not applicable to the facts of this case because the claim for attorneys' fees in that case was not based on a contractual right but on a trust theory, which the court found inapplicable to the facts of that case. The *Golman-Hayden* court did not address the issue of whether a contractually created claim for attorneys' fees could be satisfied out of the PACA trust. Since every Circuit to directly address the issue presented here has awarded attorneys' fees, the court will do so here as well.

Defendants also argue that claimants should not be able to recover attorneys' fees incurred in the bankruptcy proceeding that preceded this action. Although the existence of a bankruptcy no doubt increased the attorneys' fees in this case, it did not change the nature of the fees. Since the

3

fees incurred in the bankruptcy proceeding are also covered by the claimants' contractual right to attorneys' fees, they are "sums owing in connection with" a perishable commodities transaction.

Defendants further object to the claims for attorneys' fees because the claims have not been adequately documented. Specifically, they argue that the scheduling order issued by this court stated that PACA claimants must filed "any and all documents" supporting their claims on or before February 27, 2009. Since claimants did not file complete fee breakdowns with their declarations, defendants argue that they are not entitled to fee awards. In response, claimants point out that the fees requested in their initial declarations were interim amounts and that their initial declarations made fee records available for viewing by the defendants. Because fees continue to accrue, the court finds that claimants were not required to file complete fee records at the time they filed their declarations. Claimants adequately supported the validity of their claims for fees in a timely manner by stating their claim and providing the invoices which allowed the claim even though complete fee records were not submitted before the deadline to submit claims. The court finds that the amounts requested for attorneys' fees are reasonable.

Defendants' sole objection to the following claims is based on the attorneys' fees issue as analyzed above. Those objections are OVERRULED, and the following claims are APPROVED.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Amerifresh, Inc. | 152 | 237, 238 | $14,176.84 | $0.00 | $14,176.84 |
| Coosemans Houston, Inc. | 156 | 238 | $42,998.12 | $0.00 | $42,998.12 |
| DiMare Fresh, Inc. | 158 | 266, 238 | $6,622.21 | $0.00 | $6,622.21 |
| Greenline Foods, Inc. | 160 | 262, 238 | $65,524.80 | $0.00 | $65,524.80 |

4

| Ruby Robinson Co., Inc. | 162 | 245, 238 | $155,256.55 | $0.00 | $155,256.55 |
| --- | --- | --- | --- | --- | --- |
| Seminole Produce Dist., Inc. | 166 | 244, 238 | $160, 528.88 | $0.00 | $160, 528.88 |
| Southern Specialties, | 182 | 243, 238 | $89,054.16 | $0.00 | $89,054.16 |
| Potandon Produce, LLC | 183 | 252, 238 | $82,230.29 | $0.00 | $82,230.29 |
| Del Monte Fresh Produce N.A., Inc. | 185 | 267, 238 | $25,467.19 | $0.00 | $25,467.19 |
| J. Luna Produce Co., Inc. | 189 | 258, 238 | $9,518.49 | $0.00 | $9,518.49 |
| Babe Farms, Inc. | 199 | 239, 238 | $18,651.17 | $0.00 | $18,651.17 |
| Capurro Marketing, LLC | 200 | 273, 238 | $111,619.47 | $0.00 | $111,619.47 |
| Corona-College Heights Orange & Lemon Assoc. | 201 | 269, 238 | $12,762.12 | $0.00 | $12,762.12 |
| Colorful Harvest, LLC | 203 | 270, 238 | $23,894.56 | $0.00 | $23,894.56 |
| Driscoll Strawberry Associates, Inc. | 205 | 265, 238 | $50,134.32 | $0.00 | $50,134.32 |
| Romas R Us, Inc. | 209 | 246, 238 | $6,819.45 | $0.00 | $6,819.45 |

### 2. Attorneys' Fees Pursuant to Chapter 38

Several claimants have filed claims for attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001 which allows for recovery of attorneys' fees in breach of contract cases. The court finds that these amounts are not allowable under PACA. Contractually negotiated attorneys' fees are part of a claimant's claim and are "sums owing in connection with" a PACA-covered transaction. Fees awarded under the Texas Civil Practice and Remedies Code are not. Rather, they are awarded pursuant to state law in connection with a lawsuit, not in connection with

5

the transaction. The claimants in this case seek an award from a trust fund created under federal law. While claimants may have valid state-law causes of action for breach of contract, a claim to PACA funds must be made through PACA, which does not allow for attorneys' fees as such. Accordingly, the following objections are SUSTAINED, and the claims are reduced by the amount requested as fees and costs. Other than the reduction for fees and costs, the claims are APPROVED.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Rivera Fresh Produce, Inc. | 193 | 247, 238 | $15,017.59 | $2,257.95 | $12,759.64 |
| Mexican Harvest Corp. | 196 | 255, 238 | $17,482.64 | $1,592.79 | $15,889.85 |
| Dayka & Hackett, LLC | 204 | 268, 238 | $45,485.33 | $5,323.37 | $40,161.96 |

### 3. Payment Terms

Defendants object to several claims based on the payment terms governing the subject transactions. Since PACA is intended to protect suppliers selling on a cash or short-term credit basis, the Secretary of Agriculture has promulgated regulations regarding the allowable time for payment that a supplier can include and still take advantage of the protection afforded under PACA. *See Patterson Frozen Foods, Inc. v. Crown Foods Intern.*, 307 F.3d 666, 669 (7th Cir. 2002). Absent a written agreement to the contrary, the payment term for transactions covered by PACA is 10 days. 7 C.F.R. § 46.2(aa)(5). Parties can extend the payment term pursuant to a written agreement, but "[t]he maximum time for payment for a shipment to which [parties] can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance." 7 C.F.R. § 46.46(e)(2).

6

The invoices of several claimants include language stating that payment is due within a certain number of days. In every case, the number of days specified is more than 10 but no more than 30. Claimants and defendants agree that there are no written agreements between them extending payment terms. Defendants argue that these claimants are not entitled to the protection of the trust because the payment terms were extended beyond 10 days without a written agreement as required by 7 C.F.R. § 46.46(e)(1). Several courts have considered and rejected defendants' argument. They have found that although extended payment terms included in an invoice are not enforceable, they do not waive a seller's rights to PACA trust benefits. *See Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 204-05 (3rd Cir. 1998); *Hull Co. v. Hauser's Foods, Inc.*, 924 F.2d 777 (8th Cir. 1991).

Defendants cite two cases in support of their argument. Neither is applicable. In both *Overton Distributors, Inc. v. Heritage Bank*, 340 F.3d 361 (6th Cir. 2003) and *In re San Joaquin Food Service, Inc.* 958 F.2d 938 (9th Cir. 1992), the courts held that sellers forfeited their trust rights where invoices failed to include the payment terms agreed to between the parties in writing. These cases are distinguishable from the claims presented here because there is no allegation that there was ever an agreement in writing between the parties. The courts in *Overton* and *San Joaquin* relied on the strict disclosure requirements of PACA, and the *Overton* court specifically distinguished the facts in that case from those considered in *Idoahoan* and *Hull*. *Overton,* 340 F.3d at 367.

The court finds that the regulations governing PACA do not require a forfeiture of trust benefits where sellers unsuccessfully attempted to impose payment terms beyond ten days. Accordingly, defendants' objections regarding payment terms are OVERRULED. Those objections are identified below.

Defendants objected to the following claims on the grounds that they (1) request attorneys' fees pursuant to invoice terms and (2) are based on invoices which extend payment terms without a written agreement. Since both objections are without merit, the following objections are OVERRULED, and the claims are APPROVED.

| **Claimant** | **Docket Entry of Declaration** | **Docket Entry of Objection(s)** | **Total Claim** | **Disallowed Portion** | **Total Allowable Claim** |
|---|---|---|---|---|---|
| Tutuli Produce International | 210 | 241 | $5,575.07 | $0.00 | $5,575.07 |
| Field Fresh Farms, LLC | 206 | 264 | $27,162.83 | $0.00 | $27,162.83 |
| California Speciality Produce, Inc. | 157 | 274 | $7,575.31 | $0.00 | $7,575.31 |

Defendants objected to the following claims because (1) they request attorneys' fees pursuant to the Texas Civil Practice and Remedies Code and (2) the claimant attempted to extend payment terms without a written agreement. Based on the analysis above, the objections regarding attorneys' fees are SUSTAINED, but the objections regarding payment terms are OVERRULED. The claims are APPROVED as follows:

| **Claimant** | **Docket Entry of Declaration** | **Docket Entry of Objection(s)** | **Total Claim** | **Disallowed Portion** | **Total Allowable Claim** |
|---|---|---|---|---|---|
| Western Missouri Fruit Sales, Inc. | 191 | 240 | $28,654.34 | $2,611.25 | $26,043.09 |
| Gemco, Inc. | 187 | 263 | $82,803.19 | $7,576.02 | $75,227.17 |

### 4. Legibility of PACA Language

PACA requires sellers to give written notice of their intent to preserve a trust claim. 7 U.S.C. § 499e(c)(3). Defendants object to several claims on the grounds that they (1) fail to include legible documents indicating that the necessary notice was given, (2) request attorneys' fees pursuant to

8

invoice terms, and (3) attempt to extend payment terms without a written agreement. Objections 2 and 3 have been analyzed above and are OVERRULED. In response to the first objection, the claimants note that the invoices attached to the original claims had been repeatedly copied, causing the PACA language to be unreadable. The court has reviewed the invoices attached to the claimants' original claims as well as those attached to their responses and finds that the invoices all contain the required language, and that any illegibility is the result of copying, transmittal, and filing in conjunction with this lawsuit. The invoices received by defendants clearly contain the required language, even if the copies initially submitted to the court are unclear in certain minor respects. Accordingly, the following objections are OVERRULED, and the claims are APPROVED as follows.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Third Coast Produce Co., Ltd. | 167 | 242 | $32,472.00 | $0.00 | $32,472.00 |
| Brothers Produce, Inc. | 186 | 248 | $32,401.30 | $0.00 | $32,401.30 |
| Reliable Produce Sourcing, LLC | 208 | 249 | $202,096.57[1] | $0.00 | $202,096.57 |
| Houston Calco, Inc. | 163 | 259 | $7,105.93 | $0.00 | $7,105.93 |

The following claims are objected to only on grounds 1 and 2 listed above. Those objections are OVERRULED, and the claims are APPROVED as follows:

---

[1]Defendants' objection to Reliable Produce Sourcing, LLC's claim also included an objection that it requested attorneys' fees without supporting language included in its invoices. However, the court's examination of the invoices reveals that they do include a provision allowing for attorneys' fees. Dkt. 286, Ex. 3.

9

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Growers Express, LLC | 207 | 261 | $68,629.01 | $0.00 | $68,629.01 |
| Christopher Ranch, LLC | 202 | 271 | $28,384.74 | $0.00 | $28,384.74 |

### 5. Rotten Produce

Defendants object to several claims, arguing that the produce invoiced had been previously rejected by another purchaser because it was rotten, that it could not be re-sold, and that it had to be dumped. Defendants offer affidavits from John Kalil in support of this argument. These are insufficient to invalidate the claims.

> Any person, receiving produce in interstate commerce or in the District of Columbia, having reason to destroy, abandon, discard as refuse, or dump such produce, should, prior to such destroying, abandoning, discarding or dumping, obtain a dumping certificate or other evidence of justification of such action.

7 C.F.R. § 48.7. Kalil has not provided a dumping certificate or any evidence that the suppliers waived the requirement. Accordingly, defendants' objections regarding rotten produce are OVERRULED. The following claim is APPROVED.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Lawrence Distributing Co., Inc. | 178 | 275 | $2,088.91 | $0.00 | $2,088.91 |

The following claim included an additional objection regarding invoices that attempt to extend payment terms without a written agreement. For the reasons previously discussed, that objection is also OVERRULED, and the following claim is APPROVED.

10

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Hurst's Berry Farms, Inc. | 164 | 276 | $5,149.05 | $0.00 | $5,149.05 |

### 6. Individual Claims

The following claims were objected to on unique grounds, and the court will consider each one in turn.

#### i. R.C. Produce Co., Inc.

Defendants object to the claim of R.C. Produce Co., Inc. on the grounds that (1) it requests attorneys' fees pursuant to the Texas Civil Practice and Remedies Code, (2) the invoices attempt to extend payment terms without a written agreement, (3) certain invoices did not contain the statutorily required notice language necessary to maintain a trust interest, and (4) the claimant does not supply proof that dishonored checks were intended to pay for commodities covered by PACA. The first objection is SUSTAINED for the reasons previously discussed. The second objection is OVERRULED for the reasons previously discussed. The third objection is SUSTAINED because the claimant admits that it is meritorious. The fourth objection is OVERRULED because the claimant has submitted evidence that it provided supplemental documentation to defendants that showed which invoices were covered by the dishonored checks. Moreover, the invoices themselves establish that the goods were perishable agricultural commodities, and the evidence of insufficient funds is offered to show that the invoices were not paid. Accordingly, the claim is APPROVED as follows.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| R.C. Produce Co., Inc. | 188 | 250 | $9,609.10 | $5,954.59 | $3,654.51 |

### ii. Quality Banana Company

Defendants object to the claim of Quality Banana Company on the grounds that (1) the PACA notice language is illegible, (2) the invoices attempt to extend payment terms days without a written agreement, (3) PACA notice was sent to Kalil when it should have been sent to the trustee in Bankruptcy, and (4) the notice of intent to preserve PACA trust benefits was not timely. The first two objections are OVERRULED for the reasons previously discussed. The third objection is OVERRULED because notice was sent to Kalil, the registered agent for the corporate defendant, prior to the distribution of the Notice of Chapter 7 Bankruptcy Case. The fourth objection is OVERRULED because the claimant has submitted evidence showing that it gave timely notice of intent to preserve trust benefits. 7 U.S.C. § 499e(c)(3) requires a seller to give notice of intent to preserve the trust benefit within thirty days after expiration of the time for payment or within thirty days of receiving notice that a payment instrument has been dishonored. Quality Banana has shown the court that it provided notice within thirty days of receiving notice of insufficient funds from defendants' bank. Accordingly, the claim is APPROVED as follows.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Quality Banana Company | 198 | 251 | $25,991.00 | $0.00 | $25,991.00 |

### iii. Murphy Tomato Company

Defendants object to the claim of Murphy Tomato Company on the grounds that (1) it requests attorneys' fees pursuant to invoice terms, (2) the invoices include charges for empty boxes, which are not PACA-covered commodities, (3) the invoices do not state the products purchased, and (4) the claimant does not supply proof that dishonored checks were intended to pay for commodities covered by PACA. The first objection is OVERRULED for the reasons previously stated, and the fourth objection is OVERRULED because the claimant supplied additional documentation linking the returned check to specific invoices.

The second objection is SUSTAINED. The claimant argues that amounts owed for the boxes are "sums owing in connection" with the sale of perishable agricultural commodities. However, the invoices for the boxes are only for the boxes and do not include charges for any produce. The court finds that there is no evidence that the charges for the empty boxes are "sums owing in connection" with the sale of perishable goods, and they are not entitled to PACA trust protection.

Defendant also objects to the form of the invoices. Specifically, the invoices do not state what fruit or vegetable is being invoiced. However, Murphy Tomato Co. sells tomatoes, so it is reasonable to conclude that all of the invoices are for tomatoes, unless otherwise specified. The numbers on each invoice presumably refer to different types of tomatoes. Defendants have not offered any evidence showing that, other than the empty boxes, Murphy Tomato Co. ever sold them anything but tomatoes. The court finds that the invoices, which use numbers to identify the products, are sufficient to support the PACA claim. Accordingly, Murphy Tomato's claim is APPROVED as follows.

| Claimant | Docket Entry of Claim | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Murphy Tomato Co., Inc. | 190 | 253 | $11,792.83 | $7.00 | $11,785.83 |

### iv. Monterrey Mushrooms, Inc.

Defendants object to the claim of Monterrey Mushrooms, Inc. on the grounds that (1) it requests attorneys' fees pursuant to invoice terms, and (2) the interest rate quoted in the invoices does not match the interest rate agreed to in a previously negotiated credit agreement. The first objection is OVERRULED for the reasons previously analyzed. The second objection is OVERRULED because the court finds that the terms in the invoice amended the previously negotiated rate. Monterrey Mushrooms' claim is APPROVED as follows.

| Claimant | Docket Entry of Claim | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Monterrey Mushrooms, Inc.–Texas | 180 | 254 | $101,018.53 | $0.00 | $101,018.53 |

### v. Harvest Fresh Growers, Inc.

Defendants object to the claim of Harvest Fresh Growers, Inc. ("Harvest Fresh") because (1) it requests attorneys' fees pursuant to invoice terms, (2) it does not include the language required to give notice of an intention to preserve trust benefits, and (3) the invoices attempt to extend payment terms without a written agreement. The first and third objections have already been analyzed and are OVERRULED.

As briefly discussed above, a seller must give written notice of its intent to preserve a PACA trust benefit. 7 U.S.C. § 499e. One permissible method for providing notice is for a supplier to

14

include specific language on its invoices. 7 U.S.C. § 499e(c)(4) outlines the requirements for maintaining trust protection based on the inclusion of certain language on an invoice, and requires the invoice to include specific language. It provides:

> The bill or invoice statement must . . . contain on the face of the statement the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

Harvest Fresh purported to give notice of its intent to claim a trust benefit by including the language on its invoices. However, the invoices leave out the words "retains a trust claim over these commodities." Defendants argue that this invalidates any claim Harvest Fresh may have had on the trust assets, while Harvest Fresh argues that is has substantially complied with the requirements of the statute.

While courts are split on whether strict or substantial compliance with PACA notice provisions is required to maintain trust protections, Harvest Fresh did not even substantially comply with the notice requirement, and its notice was insufficient to preserve a trust claim. *See Idahoan*, 157 F.3d at 208 (collecting cases). The doctrine of substantial compliance excuses deviations from contractual or statutory requirements when they do not severely impair the contract or statute's purpose. *See Interstate Contracting Corp. v. City of Dallas, Tex.*, 407 F.3d 708, 727 (5th Cir. 2005). Here, the purpose of PACA's notice requirement is to give the purchaser of agricultural commodities notice of the claim a supplier is placing on assets in the hands of the purchaser. Where a supplier leaves out information such as a name or date, a purchaser may still understand the seller's intent to claim a trust interest. However, where the very information omitted from the notice is the

15

language regarding the intent to retain a trust claim, the purchaser cannot be expected to surmise the seller's intent. Without an expression of intent, the notice is meaningless. Accordingly, defendants' second objection is SUSTAINED. Harvest Fresh's notice was inadequate and its claim is invalid. The following is a summary of the disposition of Harvest Fresh's claim:

| Claimant | Docket Entry of Claim | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Harvest Fresh Growers, Inc. | 161 | 260 | $21,303.34 | $21,303.34 | $0.00 |

### vi. C.H. Robinson

Defendants object to the claim of C.H. Robinson because (1) it requests attorneys' fees pursuant to invoice terms, (2) the invoices attempt to extend payment terms without a written agreement, and (3) the recipient on some of the shipping documents does not match the information on the accompanying invoices. The first two objections are OVERRULED for the reasons previously stated. The third objection is OVERRULED because C.H. Robinson's invoices accompanied by a statement of account for Houston's Finest are sufficient proof to establish the claim. The shipping documents confirm that the produce listed in the invoices was actually shipped, and the absence of defendant's name on the shipping documents does not invalidate the claim. Since the shipping services were often provided directly to C.H. Robinson by individual carriers, it is not surprising that defendant's name is not on the shipping documents. The shipping documents include information about C.H. Robinson, the shipper, and the original supplier. C.H. Robinson presumably purchased produce from individual suppliers, contracted with carriers for shipment, and then distributed the produce to multiple purchasers, including defendants. Though Kalil has signed some of the shipping documents, there is no evidence that his signature was required in order to create a

16

binding obligation to pay for the produce. Moreover, it does not appear that defendants have ever disputed the accuracy of the invoices. Accordingly, C.H. Robinson's claim is APPROVED as follows.

| Claimant | Docket Entry of Claim | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| C.H. Robinson Company | 192 | 272 | $187,745.01 | $0.00 | $187,745.01 |

### vii. Fru-Veg Marketing, Inc.

Defendants object to the claim of Fru-Veg Martketing, Inc. on the grounds that (1) the invoices attempt to extend payment terms without a written agreement, and (2) no credit was given for rotten produce. The first objection has already been discussed and is OVERRULED. The second objection involves 100 cases of asparagus that were allegedly rotten. Defendant argues that it is entitled to a credit for the full amount of the asparagus. However, Fru-Veg presents evidence indicating that the invoices submitted already took into account a credit for possibly rotten asparagus. Fru-Veg submitted original and revised invoices showing that a credit was given for the allegedly rotten asparagus and that the claim was based on the revised invoice. Accordingly, defendants' second objection is also OVERRULED, and the claim is APPROVED as follows.

| Claimant | Docket Entry of Claim | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Fru-Veg Marketing, Inc. | 159 | 277 | $46,914.86 | $0.00 | $46,914.86 |

### viii. Chiquita Fresh North America, LLC

Defendants object to Chiquita Fresh's claim on the grounds that (1) it requests attorneys' fees pursuant to invoice terms and (2) the invoices show that the sales were made to Kalil Produce Co.,

17

Inc., an entity not associated with defendant Kalil.  The first objection has already been considered and is OVERRULED.  Chiquita Fresh responds to the second objection with substantial evidence indicating that the defendants in this case ordered and received the produce in question even though the corporate entity is incorrectly named on the invoices.  The evidence includes faxes regarding the order which were sent to defendants, shipping documents showing that the produce was delivered to defendants and invoice information which matches invoice information on defendants' invoices from other suppliers.  This evidence is sufficient to establish the validity of the claim, and defendants' second objection is also OVERRULED.  The claim is APPROVED as follows.

| Claimant | Docket Entry of Claim | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| Chiquita Fresh North America, LLC | 155 | 278 | $14,926.31 | $0.00 | $14,926.31 |

**6. No Response From Claimant**

Objections were filed regarding the following claims, but claimants never responded to the objections as required in the court's order.  Accordingly, the objections listed in the following chart are SUSTAINED, and the claims listed are DENIED.

| Claimant | Docket Entry of Declaration | Docket Entry of Objection(s) | Total Claim | Disallowed Portion | Total Allowable Claim |
|---|---|---|---|---|---|
| McAllen Tropic Pak, Inc. | 137 | 256, 279 | $9,282.75 | $9,282.75 | $0.00 |
| Jireh Produce Sales, Inc. | filed in Bankruptcy Court | 257, 279 | $13,582.10 | $13,582.10 | $0.00 |
| America's Star Copier | none filed[2] | 279 | $151.55 | $151.55 | $0.00 |
| Allied Oriental | none filed | 279 | $5,074.37 | $5,074.37 | $0.00 |

**7. Conclusion**

The parties are ORDERED to file an amended PACA claims chart consistent with the rulings in this order on or before October 19, 2009. Any objections to the chart must be filed on or before October 21, 2009.

Signed at Houston, Texas on October 16, 2009.

_____
Gray H. Miller
United States District Judge

---

[2] America's Star Copier and Allied Oriental sent notice of a claim to counsel involved in the case, but they have never filed a claim with the court. Accordingly, they have no claim on the PACA funds.

19