UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBY ROBINSON CO., INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-199 |
| | § | |
| KALIL FRESH MARKETING, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the court are intervenor Naturebest Pre-Cut & Produce LLC's and defendants Bryan C. Herr and Samuel Petro Jr.'s motions for summary judgment. Dkt. 402, 403. After a careful review of the motions, the responses, the relevant and admissible summary judgment evidence, and the law, defendants' motion for summary judgment is DENIED, and intervenor's motion for summary judgment is GRANTED.

### BACKGROUND

Intervenor Naturebest is a wholesale seller of perishable agricultural commodities. Defendant Kalil Fresh Marketing, Inc., a Texas corporation doing business as Houston's Finest Produce Company ("Houston's Finest"), was a produce distributor subject to the provisions of the Perishable Agricultural Commodities Act ("PACA"). Naturebest sold produce to Houston's Finest during the period of November 15, 2007 to January 23, 2008. Houston's Finest had an outstanding balance due to Naturebest in the amount of $41,201.85, but filed a voluntary Chapter 7 bankruptcy petition on January 29, 2008. *See In re Kalil Fresh Mktg, Inc.*, No. 4:08-bk-30350 (S.D. Tex. filed Jan. 29, 2009). Naturebest has since received partial payment on their claim. Dkt. 337. Naturebest

now seeks to recover the remaining balance of $8,918.82 from defendants Samuel Petro Jr. and Bryan C. Herr.  Naturebest moves for summary judgment, asserting that Petro and Herr were shareholders, directors, and officers of Houston's Finest, and that they exercised sufficient control over the company to justify holding them individually liable for failure to maintain the PACA trust assets.  Similarly, Petro and Herr also move for summary judgment, asserting that they did not, in fact, have control over Houston's Finest, and are not individually liable as a matter of law.

### SUMMARY JUDGMENT EVIDENCE

The summary judgment evidence before the court includes:

- Affidavit of John C. Kalil, Dkt. 402, Ex. A.

- PACA license and renewal applications for Houston's Finest.  Dkt. 402, Ex. B.

- The stock purchase agreement between Kalil, Petro, and Herr, including some financial information regarding Kalil Fresh Marketing.  Dkt. 402, Ex. C.

- Documents relating to a line of credit procured and personally guaranteed by Herr.  Dkt. 402, Ex. D.

- E-mail messages between Mike Petro and a client.  Dkt. 402, Ex. E.

- Complaint and Default Decision and order by USDA.  Dkt. 402, Ex. F.

- Certified copies of corporate documents filed with the Texas Secretary of State.  Dkt. 403, Ex. A.

- Bylaws, Articles of Incorporation, and Organizational Resolutions of Kalil Fresh Marketing, Inc.  Dkt. 403, Ex. C.

- Kalil Fresh Marketing, Inc.'s signature card at Southwest Bank of Texas.  Dkt. 403, Ex. D.

- Testimony from the temporary injunction hearing held on January 31, 2008.  Dkt. 403, Ex. E.

- Affidavit of Bruce Arendale, a forensic accountant. Dkt. 403, Ex. F.
- Affidavit of Bryan Herr. Dkt. 403, Ex. G.
- Affidavit of Samuel Petro. Dkt. 403, Ex. H.

Both parties have filed objections to some of these exhibits. For reasons explained below, all objections are denied as moot.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).

When the movant bears the burden of proof at trial, the movant "must demonstrate affirmatively by admissible evidence that there is no genuine issue of material fact concerning each element of its claim for relief." Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 46 HOUS. L. REV. 1379, 1522 (2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)). "[I]if the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

When the nonmovant bears the burden of proof at trial, the movant must show the absence of a genuine issue of material fact on the adverse party's claim. *E.g.*, *Boudreaux v. Swift Transp.*

*Co.*, 402 F.3d 536, 544 (5th Cir. 2005) ("[T]he moving party is not required to present evidence proving the absence of a material fact issue; rather, the moving party may meet its burden simply by 'pointing to an absence of evidence to support the nonmoving party's case.'" (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003))).

The court is to view all of the evidence in the light most favorable to the nonmovant and draw "[a]ny reasonable inferences . . . in favor of the non-moving party." *Chieftain Int'l (U.S.), Inc. v. Se. Offshore, Inc.*, 553 F.3d 817, 819 (5th Cir. 2008) (quoting *Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007)). A genuine issue of material fact exists only "when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Singh v. Holder*, 568 F.3d 525, 527 (5th Cir. 2009) (quoting *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008)).

## ANALYSIS

### 1. PACA and Individual Liability

The Perishable Agricultural Commodities Act, or PACA, "regulates the produce industry and promotes fair dealings in transactions involving fruits and vegetables." *Golman-Hayden Co. v. Fresh Source Produce Inc.*, 217 F.3d 348, 350 (5th Cir. 2000). Pursuant to PACA, any perishable agricultural commodities sold to a regulated dealer, and all proceeds arising therefrom, are held in trust for the benefit of all unpaid suppliers or sellers of the produce. 7 U.S.C. § 499e(c)(2) (2010); *see Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 707 (E.D. Pa. 1994) ("The statutory trust remedy was created to ensure that farmers do not suffer when the agricultural produce dealers abandon their businesses without paying their debts."). Under PACA, a produce dealer is liable to a supplier for the dealer's failure or refusal to fully compensate the supplier. 7 U.S.C. §§ 499b(4),

4

499e(a), (b) (2010). A produce dealer is also liable if it fails to "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations" to produce suppliers. 7 C.F.R. § 46.46(d)(1) (2007). "Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful" and subjects the defendant to liability. *Id.* "Dissipation" that would lead to liability includes "any act *or failure to act* which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers . . . to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2) (2007) (emphasis added).

The Fifth Circuit has recognized that under PACA, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." *Golman-Hayden*, 217 F.3d at 350 (quoting *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997)). "PACA liability attaches first to the licensed commission merchant, dealer, or broker . . . [i]f, however, the assets of [that dealer] are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." *Id.* at 351 (citing *Sunkist*, 104 F.3d at 283) (footnote omitted). This individual liability arises from a breach of fiduciary duty inherent in common law trust principles and is distinct from the doctrine of piercing the corporate veil. *Id.* at 351 n.18.

**2. Discussion**

It is undisputed that intervenor has a proper PACA claim against Houston's Finest in the amount of $8,918.82. The key issue before this court is whether defendants Petro and Herr were sufficiently involved in Houston's Finest so as to justify holding them individually liable for failure to maintain trust assets. In 2002, defendant John C. Kalil, then sole owner of Kalil Fresh Marketing,

entered into a stock purchase agreement ("Agreement") with Petro and Herr, in which Petro and Herr each purchased a 25% interest in the company. Dkt. 402, Ex. C. The Agreement provided that Petro and Herr would gain certain rights and obligations with respect to the company, such as membership on the board of directors, employment as officers of the company, and input and authority over certain aspects of the business. *Id.* Defendants Petro and Herr do not dispute that they were shareholders of Houston's Finest. However, they assert that they were never officially elected to the board or appointed as officers, and there is nothing in the corporate records before this court to the contrary.

Defendants argue that "simple ownership, especially of a minority shareholder, is insufficient to create individual liability." Dkt. 403, at 7. Although relevant case law seems to support this assertion, it fails to consider the additional input and control Petro and Herr had in the operations of Houston's Finest. Pursuant to the Stock Purchase Agreement, both Petro and Herr had "input and authority" over certain areas of the business, including:

    a.    Deciding which accounts to sell to and terms granted
    b.    Equipment purchases
    c.    Major personnel changes (new hires, etc.)
    d.    Sales strategies
    e.    Buying Strategies.

Dkt. 402, Ex. C, at 2. Even if such authority was not exercised, both Petro and Herr were shareholders with a contractual right to control PACA trust assets by virtue of their authority over the operations of Houston's Finest. Moreover, both Petro and Herr breached their fiduciary duty to preserve PACA assets as shown by the shortfall in PACA assets available to pay intervenor's claim.

In *Golman-Hayden Co. v. Fresh Source Produce Inc.*, the Fifth Circuit recognized secondary liability for those who have control over a PACA-governed business. In that case, the sole

shareholder was found personally liable for the outstanding debts of his company. *Golman-Hayden*, 217 F.3d at 351–52. The court noted that although "he was a passive shareholder, he may not escape liability based on a real or claimed failure to exercise his right and obligation to control the company." *Id.* at 351. The court found that the shareholder's failure to act was a breach of his fiduciary duty to the PACA trust beneficiaries. *Id.*

In *Shepard v. K.B. Fruit & Vegetable, Inc.*, the Eastern District of Pennsylvania held three shareholders personally liable for breach of the PACA trust, despite their claims that they had no hand in the business. *Shepard*, 868 F. Supp. at 704–07. The three defendants shared ownership of the company in 52/24/24 shares. They were directors and officers of the company; however, they asserted that they had no hand in running the business, and that another party was the true manager. *Id.* at 705. Despite their claims of uninvolvement, the court found each of them individually liable for breach of the PACA trust. *Id.* at 706–07.

In this case, Petro and Herr were each 25% shareholders and had a contractual right to input and authority over certain aspects of the business. Determining whether or not they were legally directors or officers of Houston's Finest is unnecessary because their role as shareholders and their contractual authority over the business is sufficient involvement to impose secondary liability. It is also irrelevant to the court's determination that, having the right of "input and authority," Petro and Herr did or did not exercise that right. The Fifth Circuit has described PACA as a "'tough law' . . . expressly designed [ ] to protect the producers of perishable agricultural products." *Golman-Hayden*, 217 F.3d at 351. Further, "[a]n investor in a perishable commodities corporation 'should know at the beginning of his association with such a corporation that he is "buying into" a corporation which is strictly regulated.'" *Id.* (quoting *Hawkins v. Agric. Mktg. Serv., Dept. of Agric.*,

7

10 F.3d 1125, 1131 (5th Cir. 1993)). Both Petro and Herr knew what they were buying into—both have been involved in PACA-governed companies before. Holding Petro and Herr secondarily liable for breach of the PACA trust fulfills the goals of PACA.[1]

### 3. Defendants' Motion for Summary Judgment

Defendants Petro and Herr also move for summary judgment, alleging that they were passive shareholders who exercised no control over Houston's Finest. For the reasons discussed above, they have not established the lack of a genuine issue of material fact regarding plaintiff's PACA claim. Their motion, therefore, must be denied.

### Conclusion

Pending before the court are intervenor Naturebest Pre-Cut & Produce LLC's and defendants Bryan C. Herr and Samuel Petro Jr.'s motions for summary judgment. Intervenor has a proper PACA claim against Houston's Finest in the amount of $8,918.82. Intervenor has established that defendants Petro and Herr were shareholders and were in a position to control the PACA trust assets, and failed to preserve those assets. Defendants have not shown a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is DENIED, and intervenor's motion for summary judgment is GRANTED.

Signed at Houston, Texas on September 16, 2010.

_____
Gray H. Miller
United States District Judge

---

[1] In reaching its decision, the court has relied only on the Stock Purchase Agreement between Kalil, Petro, and Herr. No objections were filed to that exhibit. All objections to the remaining exhibits are therefore denied as moot.